FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2016 MAY -2 PM 3: 42

U.S.
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

DANIEL DICOMO, an individual,

Plaintiff,

v.

KJIMS DEVELOPMENT COMPANY, INC., a Florida corporation, and TONY SINGH, an individual,

Defendants.

CIVIL ACTION

Case No. 2:15-cv-

Judge:

Mag. Judge:

2:16-CV-327-FtM-99CM

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **DANIEL DICOMO** ("DICOMO" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") for (1) violation of the FLSA- unpaid minimum wages, (2) breach of contract, (3) promissory estoppel, and (4) unjust enrichment.

### PARTIES

2. The Plaintiff, **DANIEL DICOMO** ("DICOMO") is an individual and a resident of Florida who currently resides in Collier County, Florida and at all times had individual coverage under the FLSA during his employment with the Defendant. At all material times, **DICOMO** has been employed by the Defendants as an executive officer. **DICOMO** performed work for the Defendants in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **DICOMO** was an employee within the contemplation of 29 U.S.C.

1

203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendants, **KJIMS DEVELOPMENT COMPANY, LLC** and **TONY SINGH** ("**SINGH**" or "**DEFENDANT**"), are both covered employers under the FLSA (29 U.S.C. §203(d), (r) and (s)). The Defendants, and specifically **TONY SINGH**, have the sole authority to hire, fire and discipline all employees, **SINGH** supervises and controls all aspects of **DICOMO**'s employment, **SINGH** determines the rate and method of payment for all employees and **SINGH** maintains employment records of all personnel.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **DICOMO** brings this action against the Defendants for legal relief to redress unlawful violations of his rights under the FLSA to remedy violations of the wage provisions of the FLSA by the Defendants, which has deprived **DICOMO** of his lawful wages.

7. **DICOMO** began working for the Defendant on or about July 29, 2013 as an executive officer of Defendant **KJIMS DEVELOPMENT COMPANY, LLC**, which is owned by **SINGH**.

8. **DICOMO**'s primary job duties consisted of developing and overseeing a project management program, overseeing design and construction of real estate development projects and managing special company projects that **SINGH** would assign.

9. **DICOMO**'s direct supervisor was **TONY SINGH**.

10. While **DICOMO** was originally paid at a salary well in excess of $455.00 per week, beginning on or about August 1, 2014, the Defendants refused to issue any compensation to **DICOMO** at all despite the fact that **DICOMO** was still performing his duties as an executive officer of Defendant **KJIMS DEVELOPMENT COMPANY, LLC**.

11. Each week since August 1, 2014, **DICOMO** has performed his job duties for the Defendants without any compensation, let alone compensation above minimum wage or above the required $455.00 per week that would entitle the Defendants to the Executive Exemption.

12. As such, the Defendants have violated the FLSA by refusing to pay **DICOMO** at least the minimum wage since August 1, 2014.

13. The Defendant's practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq. and **DICOMO** seek injunctive and declaratory relief, compensation, and credit for unpaid minimum wages and uncompensated work required or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

14. This action is brought to recover unpaid minimum wages owed to **DICOMO** pursuant to the FLSA. **DICOMO** has been employed by the Defendants and was required to perform certain work functions for which he was not compensated.

15. **DICOMO** alleges that the Defendants have willfully engaged in a pattern and practice of unlawful conduct by failing to pay **DICOMO** minimum wages for all of the time the Defendants required or permitted **DICOMO** to perform work for the benefit of the Defendants.

16. The Defendants practice of refusing to pay minimum wage compensation is in violation of the FLSA because **DICOMO** performed work for the benefit of the Defendants for which he not compensated with at least the minimum wage.

17. Furthermore, upon accepting employment with the Defendants, **DICOMO** and the Defendants entered into an Employment Contract wherein **DICOMO** was to be compensated with a salary of $150,000.00 per year. A true and accurate copy of the employment contract is attached as Exhibit A.

18. However, Defendant **KJIMS DEVELOPMENT COMPANY, LLC** has refused to pay **DICOMO** in accordance with the Employment Contract since August 1, 2014, thereby breaching the contract with **DICOMO**.

19. Defendant **KJIMS DEVELOPMENT COMPANY, LLC** has never terminated the Employment Contract.

20. Moreover, even if the Employment Contract were to have been terminated, pursuant to ¶3, Defendant **KJIMS DEVELOPMENT COMPANY, LLC** guaranteed that **DICOMO** was entitled to payment for twenty-four (24) months.

21. Defendant **KJIMS DEVELOPMENT COMPANY, LLC** has breached its contract with **DICOMO** by failing to pay **DICOMO** sums due pursuant to ¶¶3, 4 and 5, respectively.

22.     **DICOMO** has performed all of his obligations under the contract and Defendant **KJIMS DEVELOPMENT COMPANY, LLC** has failed to remit payment to **DICOMO** in accordance thereto.

### COUNT I: VIOLATION OF THE FLSA
### (KJIMS DEVELOPMENT COMPANY, LLC and SINGH)

23.     The Plaintiff hereby incorporates Paragraphs 1-16 in this Count as though fully set forth herein.

24.     **DICOMO** was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendants.

25.     The Defendants were required by the FLSA to pay the Plaintiff at least minimum wage for all hours worked by **DICOMO**.

26.     The Defendants had operational control over all aspects of **DICOMO**'s day-to-day functions during his employment, including compensation.

27.     The Defendants were **DICOMO**'s "employer" and is liable for violations of the FLSA in this case, which violations were intentional and willful.

28.     The Defendants violated the FLSA by failing to pay **DICOMO** at least minimum wage for all hours worked over 40 hours per week.

29.     The Defendants have willfully violated the FLSA in refusing to pay **DICOMO** proper minimum wages for all hours worked over 40 hours in a week.

30.     As a result of the foregoing, the **DICOMO** has suffered damages of lost wages.

31.     The Defendants are the proximate cause of the **DICOMO**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – BREACH OF CONTRACT
## (KJIMS DEVELOPMENT COMPANY, LLC and SINGH)

32. The Plaintiff realleges and incorporates Paragraphs 1-5, 7-11 and 17-22 in this Count by reference.

33. A contract existed between **DICOMO** and the Defendants.

34. The terms of the contract were that **DICOMO** would be compensated for his services at an annual salary of $150,000.00, in addition to receiving bonuses and a stipend for health insurance.

35. Both **DICOMO** and the Defendants agreed to those terms, which were clear and unambiguous.

36. **DICOMO** fully and satisfactorily performed his duties under the contract.

37. The Defendants have breached the contract by refusing to pay **DICOMO** the sums due under the terms of the Employment Contract.

38. **DICOMO** has been damaged as a result of the Defendants' breach of the Employment Contract.

39. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

## COUNT III – PROMISSORY ESTOPPEL
### (KJIMS DEVELOPMENT COMPANY, LLC and SINGH)

40. The Plaintiff realleges and incorporates Paragraphs 1-5, 7-11 and 17-22 in this Count by reference.

41. This Count is pled in the alternative.

42. The Defendants represented that during the time period when **DICOMO** provided services, he was to be paid for his services by receiving an annual salary of $150,000.00, in addition to receiving bonuses and a stipend for health insurance.

43. The Defendants made a representation as to a material fact, to wit: for his services, **DICOMO** was to be paid for his services by receiving an annual salary of $150,000.00, in addition to receiving bonuses and a stipend for health insurance, which is contrary to the Defendants' now-asserted position.

44. **DICOMO** reasonably but detrimentally relied upon the representation of the Defendants.

45. The Defendants' change in position is detrimental to **DICOMO** as he reasonably relied upon the same in agreeing to perform services for the Defendants.

46. Injustice can only be avoided by enforcing the promise against the Defendant.

47. **DICOMO** has been damaged as a result of the Defendants' actions.

48. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

## COUNT IV- UNJUST ENRICHMENT
## (KJIMS DEVELOPMENT COMPANY, LLC and SINGH)

49. The Plaintiff incorporates Paragraphs 1-5 and 21-25 in this Count by reference.

50. This Count is pled in the alternative.

51. An implied-in-law contract existed between **DICOMO** and the Defendants.

52. **DICOMO** did confer a benefit upon the Defendants, that being the benefit of his services and the procurement of contracts for the Defendants, which benefit the Defendants appreciated.

53. **DICOMO** fully and satisfactorily performed his duties, which was known to the Defendants.

54. The Defendants accepted and retained the benefit of **DICOMO**'s services without paying the value thereof.

55. The Defendants have refused to pay **DICOMO** at the accepted and standard rate of pay that was agreed upon by the parties and which rate the Defendants had previously compensated **DICOMO**.

56. Based upon the circumstances, it is inequitable for the Defendants to retain the benefit of **DICOMO**'s services without paying fair value for the same.

57. The Defendants are required to pay **DICOMO** fair value for the services rendered and at the Defendants' standard and agreed rate of pay.

58. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence,

together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 2, 2015

/s/ Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com