UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL DICOMO, an individual,

    Plaintiff,

v.                                               CASE NO. 2:16-cv-00327-UA-CM

KJIMS DEVELOPMENT COMPANY,
INC., and TONY SINGH,

    Defendants.

_____\

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Daniel DiComo ("DiComo") and Defendants KJIMS Development Company, LLC[1] ("KJIMS") and Tony Singh individually ("Singh") (DiComo, KJIMS, and Singh shall be referred to collectively as "the Parties"), file this Joint Motion for Approval of Settlement Agreement of the above captioned case. In support thereof, the Parties state as follows:

1. In 2013, DiComo and KJIMS entered into an Employment Agreement providing, among other things, that Dicomo would receive an annual salary of $150,000 working as KJIMS' Vice President of Project Development. DiComo's employment with KJIMS ended in 2014.

2. On or about April 22, 2016, KJIMS filed a demand for arbitration with the American Arbitration Association against Tarpon Court, LLC, styled KJIMS Development Company, LLC v. Tarpon Court, LLC, AAA No. 01-16-0001-1946 ("the Arbitration"). The Arbitration involved claims against Tarpon Court for breach of contract and breach of fiduciary

---

[1] DiComo named "KJIMS Development Company, Inc., a Florida corporation" as a Defendant in this action. The appropriate party is KJIMS Development Company, LLC, a Florida Limited Liability Company.

duty. Tarpon Court, LLC is an entity comprised of KJIMS and the Patricia S. DiComo trust. Patricia S. DiComo is the spouse of Daniel DiComo, the Plaintiff in the pending action.

3. Ten days after KJIMS filed the Arbitration, on May 2, 2016, DiComo initiated the instant lawsuit ("the Federal Court Litigation") bringing a four count Complaint against KJIMS and its President Singh individually alleging: (i) that DiComo was owed unpaid minimum wages under the Fair Labor Standards Act ("FLSA"); (ii) breach of contract; (iii) promissory estoppel; and (iv) unjust enrichment.

4. On or about May 31, 2016, Defendants timely filed their Answer denying the allegations raised in DiComo's Complaint and averring twenty-two Affirmative Defenses, including unclean hands and estoppel to the extent DiComo claimed to be owed compensation for time that he alleges he worked but for which he did not actually work, and that Defendants were entitled to a setoff to the extent DiComo was overpaid during the relevant time period.

5. The parties engaged in settlement discussions wherein Tarpon Court offered KJIMS a global resolution which included, among other things, making a payment to KJIMS in the amount of $10,000, the parties dismissing the Arbitration, and the parties dismissing the Federal Court Litigation. The Parties in the Federal Court Litigation, being vigorously represented by counsel, entered into the Settlement Agreement and Mutual Release of All Claims ("the Settlement Agreement"), which is attached hereto as Exhibit "A".

6. DiComo has further executed an Affidavit, attached as Exhibit "B" to the Settlement Agreement, attesting under oath that he has been more than fully compensated by KJIMS, that the settlement does not constitute a compromise of any disputed claim, that he is not owed any further compensation of any kind from KJIMS, and that he was paid in excess of the minimum wage for services he performed for KJIMS.

7.  The resolution of the Federal Court Litigation did not involve any payment to DiComo, nor did it involve the payment of any attorney's fees or costs to DiComo's counsel.

**I.  Legal Analysis**

There are two ways in which wage claims under the FLSA may be settled and released by employees. Under section 216(c), an employee may settle and waive FLSA claims if the Secretary of Labor supervises the payment of wages. See 29 U.S.C. 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under Section 216(b) to recover wages. When employees bring a private action for wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Id. (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946); Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

The Eleventh Circuit has explained its reasoning for permitting district courts to approve settlement agreements:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, Inc., 679 F.2d at 1354.

The settlement of the instant action involves a situation in which this Court may approve the Parties' settlement and release DiComo's FLSA claim. The settlement arises out of an action filed by DiComo against his former employer KJIMS, which was adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced employment counsel. The settlement arises out of arm-lengths negotiation between the Parties after each evaluated the relative merits of their respective positions. The Parties further agree that the settlement does not constitute a compromise of any disputed FLSA claim, and wish to resolve the underlying matter to avoid the costs associated with the Arbitration and the Federal Court Litigation. The Parties, through their attorneys, voluntarily agree to the terms of this settlement and attest that the settlement is fair and reasonable.

## II.   Conclusion

The Parties respectfully request that this Court approve the Settlement Agreement attached hereto and dismiss this litigation with prejudice.

Respectfully submitted, this 4th day of August, 2016.

| | |
|---|---|
| YORMAK EMPLOYMENT & DISABILITY LAW<br>9990 Coconut Road<br>Bonita Springs, FL 34135<br>(239) 985-9691<br>(239) 288-2534 (fax)<br>Attorney for Plaintiff | SHUMAKER, LOOP & KENDRICK, LLP<br>P.O. Box 49948<br>Sarasota, Florida 34230-6948<br>(941) 366-6660<br>(941) 366-3999 fax<br>Attorneys for Defendants |
| By: /s/ Benjamin H. Yormak<br>Benjamin H. Yormak<br>Florida Bar #71272<br>byormak@yormaklaw.com | By: /s/ Jason A. Collier<br>Jason A. Collier<br>Florida Bar #0733318<br>jcollier@slk-law.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the CM/ECF FILING SYSTEM, which will serve a copy on: Benjamin H. Yormak, Esq., byormak@yormaklaw.com, Yormak Employment & Disability Law, 9990 Coconut Rd., Bonita Springs, FL 34135, Attorneys for Plaintiff.

Dated: August 4, 2016

SHUMAKER, LOOP & KENDRICK, LLP
P.O. Box 49948
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 fax
Attorneys for Defendants


By /s/ *Jason A. Collier*
Jason A. Collier
Florida Bar #0733318
jcollier@slk-law.com