## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is entered into by and between Tarpon Court, LLC ("Tarpon Court"), Patricia S. DiComo, individually and as trustee of the Patricia S. DiComo Revocable Trust dated 12/6/10 ("Trustee"), Daniel G. DiComo ("DiComo"), KJIMS Development Company, LLC ("KJIMS") and Kawaljit Singh, also known as Tony Singh ("Singh") (collectively, the "Parties").

### RECITALS

A. **The Employment Agreement.** On or about December 16, 2013, DiComo entered into an Employment Agreement with KJIMS (the "Employment Agreement").

B. **The Operating Agreement.** On or about September 17, 2014, KJIMS and Trustee entered into the Second Amended and Restated Operating Agreement for Tarpon Court (the "Operating Agreement").

C. **The Arbitration.** On or about April 22, 2016, KJIMS filed a demand for arbitration with the American Arbitration Association against Tarpon Court, styled *KJIMS Development Company, LLC v. Tarpon Court, LLC*, AAA No. 01-16-0001-1946. Tarpon Court responded to the demand by filing a counterclaim against KJIMS. KJIMS's claims against Tarpon Court and Tarpon Court's claims against KJIMS in the arbitration shall be referred to as the "Arbitration."

D. **The Lawsuit.** On or about May 2, 2016, DiComo filed an action against KJIMS and Singh in the United States District Court, Middle District of Florida, Fort Myers Division, styled *Daniel DiComo v. KJIMS Development Company, Inc. (sic) and Tony Singh*, Case No. 2:16-CV-327-FTM-99CM (the "Lawsuit"), which included claims for (i) violation of the Fair Labor Standards Act ("FLSA"); (ii) breach of contract; (iii) promissory estoppel; and (iv) unjust enrichment.

E. **Releases.** The Parties wish to settle all claims, demands and/or counterclaims asserted in both the Arbitration and the Lawsuit, and shall release their claims against one another upon the terms and conditions set forth in this Agreement.

### AGREEMENT

1. **Settlement Payment.** In consideration of the mutual covenants and agreements contained in this Agreement, Tarpon Court agrees to pay KJIMS a total of Ten Thousand Dollars ($10,000.00) (the "Settlement Payment"), which shall be delivered to KJIMS's attorney, Meghan O. Serrano, Esq., Shumaker, Loop & Kendrick, LLP, 240 South Pineapple Avenue, 10th Floor, Sarasota, FL 34236, no later than Friday, August 5, 2016. In addition to the Settlement Payment, DiComo shall execute and deliver to KJIMS's attorney no later than August 5, 2016 the Stipulation for Dismissal with Prejudice of the Lawsuit, which is attached hereto as Exhibit A, and the Affidavit of Daniel DiComo attached hereto as Exhibit B. Tarpon Court shall execute

EXHIBIT A

and deliver to KJIMS's attorney no later than August 5, 2016 the Joint Stipulation for Dismissal with Prejudice of the Arbitration, which is attached hereto as Exhibit C. Singh agrees to execute and deliver to DiComo, in care of his attorney, Benjamin H. Yormak, Esq., 9990 Coconut Road, Ste. 206, Bonita Springs, FL 34135, the Dissociation or Resignation of Member, Manager from Florida or Foreign Limited Liability Company, resigning as manager of KJIMS Homes Holdings, LLC, which is attached hereto as Exhibit D. Upon receipt of the Settlement Payment and executed exhibits attached to this Agreement, counsel for KJIMS may file the stipulations included as Exhibits A and C in the Lawsuit and Arbitration, respectively to effectuate the dismissals of each, and counsel for DiComo may file Exhibit D with the Secretary of State. The Parties expressly agree to take any and all further actions necessary to ensure a prompt and complete dismissal of the Lawsuit and Arbitration with prejudice (including, but not limited to, the filing of the executed Affidavit of Daniel DiComo attached hereto as Exhibit B with the court) and the resignation of Singh as manager of KJIMS Homes Holdings, LLC. The parties agree that the Settlement Payment is inclusive of all attorney's fees and costs and that neither party shall be entitled to the payment of any attorney's fees or costs from any other party.

2. **Mutual Release.** For and in consideration of the below release by DiComo and Tarpon Court and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by KJIMS, KJIMS hereby forever RELEASES AND DISCHARGES DICOMO AND TARPON COURT, and any party acting on Tarpon Court's behalf, including Trustee, its current and former employees, agents, servicers, predecessors, successors, assigns, officers, managers, directors, shareholders, partners, members, attorneys, representatives, parent corporations, subsidiaries, and affiliates (the "Tarpon Court Released Parties"), from any and all claims and causes of action of any nature whatsoever, whether known or unknown, including but not limited to, any claims or causes of action based on any act or omission by DiComo or the Tarpon Court Released Parties in any way arising out of or relating to the Employment Agreement or the Operating Agreement, which has occurred in whole or in part, or was initiated at any time prior to the Effective Date, and which was raised or which could have been raised in the Lawsuit or the Arbitration. For and in consideration of the below release by KJIMS and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Tarpon Court and DiComo, Tarpon Court and DiComo hereby forever RELEASE AND DISCHARGE KJIMS, and any party acting on KJIMS's behalf, including Singh, its current and former employees, agents, servicers, predecessors, successors, assigns, officers, managers, directors, shareholders, partners, members, attorneys, representatives, parent corporations, subsidiaries, and affiliates (the "KJIMS Released Parties") from any and all claims and causes of action of any nature whatsoever, whether known or unknown, including but not limited to, any claims or causes of action based on any act or omission by the KJIMS Released Parties in any way arising out of or relating to the Operating Agreement or the Employment Agreement, which has occurred in whole or in part, or was initiated at any time prior to the Effective Date, and which was raised or which could have been raised in the Arbitration or the Lawsuit. DiComo expressly acknowledges that he has been more than fully compensated under the Employment Agreement and that no further compensation or payments of any kind remain outstanding or shall become due or owing to DiComo by KJIMS in the future. DiComo recognizes that the employment relationship between DiComo and KJIMS Released Parties is irretrievably tarnished, agrees that he shall not apply for employment with any KJIMS Released Parties in the future, and specifically waives any and all claims against the KJIMS Released

Parties arising out of the denial by the KJIMS Released Parties of any application by DiComo for employment in the future. The Parties to this Agreement shall not make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging any other Party to this Agreement, its services, affairs or operations or its past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander. The Parties agree to remove all posts or other publications or disseminations from social media, including but not limited to Facebook, Twitter, blogs, websites, or other electronic forums, which may be deemed as negative or disparaging toward any other Party to this Agreement. Provided all of the conditions of this Agreement have been fulfilled and (i) there shall not be a bankruptcy filing by or against Tarpon Court or DiComo within 91 days of the receipt of the Settlement Payment by KJIMS, and (ii) so long as no portion of the Settlement Payment made to KJIMS shall be required to be disgorged for any reason, KJIMS and DiComo hereby release and discharge one another from their obligations under the Employment Agreement, and KJIMS, Tarpon Court and Trustee hereby release and discharge one another from their obligations under the Operating Agreement.

3. **Defense to Claims.** The terms of the releases set forth in this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against any claim, demand, action, suit or other proceeding which may be prosecuted, instituted or attempted by any Party hereto with respect to any Party released under this Agreement, based upon or arising out of any claims released hereunder. To protect each Party from the expense associated with defending against frivolous, meritless claims or defenses, and to otherwise induce the Parties to abide by the terms of this Agreement, the Parties agree that, in the event of any dispute arising out of this Agreement, the prevailing party or parties shall be entitled to recover from the other party or parties all of their costs and expenses, including reasonable attorneys' fees, incurred in connection with the enforcement of the terms of this Agreement.

4. **Representations and Further Assurances**. The Parties to this Agreement each acknowledge, represent, warrant, confirm and agree as follows:

    a. the execution of this Agreement is not based upon their reliance upon any representation, understanding or agreement not expressly set forth herein;

    b. each Party hereto executes this Agreement as a free and voluntary act, without any duress, coercion or undue influence exerted by any other Party;

    c. acceptance of this Agreement or any act related hereto is in no way an admission of any fault or liability by any Party hereto;

    d. Tarpon Court and DiComo are the sole owners of the claims, counterclaims or causes of action against the KJIMS Released Parties being released herein and have not conveyed or assigned and will not convey or assign any interest in any such claims or causes of action to any person or entity not a Party hereto; KJIMS is the sole owner of the claims, counterclaims or causes of action against the Tarpon Court Released Parties and/or DiComo being released herein and has not conveyed or assigned and will not convey or assign any interest in any such claims or causes of action to any person or entity not a Party hereto;

  e. each Party has full and complete authorization and power to execute this Agreement in the capacity herein stated and this Agreement is a valid, binding and enforceable obligation of the Parties and does not violate any law, rule, regulation, contract or agreement otherwise enforceable by or against any Party;

  f. Tarpon Court, Trustee and DiComo shall not commence, join in or participate as an adverse party or as a voluntary adverse witness against KJIMS or Singh in any litigation which involves any claims arising from the Operating Agreement or the Employment Agreement against any other person or entity not released hereby; and KJIMS and Singh shall not commence, join in or participate as an adverse party or as a voluntary adverse witness against Tarpon Court, Trustee or DiComo in any litigation which involves any claims arising from the Operating Agreement or the Employment Agreement against any other person or entity not released hereby; and

  g. the Parties shall not disclose the Settlement Payment or the other terms, provisions or effect of this Agreement to anyone other than as follows: (i) to accountants for purposes of preparing financial statements and tax returns, (ii) in response to any bona fide credit inquiry or the requirements of any regulated lending institution, (iii) to attorneys for purposes of review and advice, (iv) in response to any court order requiring the production or disclosure hereof, or (v) otherwise as required of the Parties by applicable public law or regulation.

  5. **Default**. If a default shall occur under this Agreement, the aggrieved Party or Parties shall be entitled to exercise all rights and remedies allowed by applicable law and shall be entitled to recover reasonable attorney's fees. If a default shall occur by failing to satisfy the Settlement Payment obligation under Section 1 of this Agreement, KJIMS and Singh shall be entitled to declare this Agreement null and void by written notice to counsel for Trustee, Tarpon Court and DiComo (to Christopher Vernon, Esq. 999 Vanderbilt Beach Road, Suite 200, Naples, FL 34108-3512 and Benjamin H. Yormak, Esq., 9990 Coconut Road, Ste. 206, Bonita Springs, FL 34135) upon receipt of which this Agreement shall be deemed null and void and unenforceable by or against any Party hereto.

  6. **Severability**. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

  7. **Governing Law**. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF FLORIDA. The provisions contained in this Agreement shall govern over any inconsistent provisions contained in any correspondence or other agreement between any of the Parties.

  8. **Binding Agreement**. This Agreement is binding upon the undersigned Parties, their heirs, representatives, executors, administrators, assigns, successors in interest, predecessors in interest, owners, shareholders, partners, members, employees, officers, directors and anyone claiming by, through or under any one of the undersigned Parties.

9. **Counterparts**. This Agreement may be executed in multiple identical counterparts, each of which when executed shall be deemed an original.

10. **Construction**. Because each of the Parties to this Agreement has contributed to the preparation and drafting hereof, has read it, and has reviewed it with counsel and understands its terms and contents, the terms and provisions of this Agreement shall be interpreted and construed without any presumption or inference based upon the Party or Parties causing this Agreement to be drafted in fact.

11. **Effective Date**. This Agreement is effective on the date that it is signed by the last of the Parties to execute it (the "Effective Date").

12. **Waiver of Jury Trial**. THE PARTIES HEREBY WAIVE TRIAL BY JURY IN ANY COURT AND IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE OPERATING AGREEMENT, THE EMPLOYMENT AGREEMENT OR THIS AGREEMENT. THE PARTIES FURTHER ACKNOWLEDGE THAT NO PARTY TO THIS AGREEMENT HAS REPRESENTED OR AGREED THAT THE PROVISIONS OF THIS PARAGRAPH WILL NOT BE FULLY ENFORCED IN ALL INSTANCES.

13. **Final Acknowledgement**. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF ANY PRIOR WRITTEN AGREEMENTS, OR ANY PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS, OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

EXECUTED by the Parties on the dates set forth below.

**Tarpon Court, LLC:**                          **Daniel G. DiComo:**

_____                      _____
By: Patricia S. DiComo                          By Daniel G. DiComo
As Its Manager

Dated: 2/22/16 , 2016                           Dated: 7/11 , 2016

*Signatures, Continued:*

**KJIMS Development Company, LLC**

By: Kawaljit Singh
As Its Manager

Dated: 7-28-16, 2016

**Kawaljit Singh**

By: Kawaljit Singh

Dated: 7-27-, 2016

**The Patricia S. DiComo Revocable Trust dated 12/6/10**

By Patricia S. DiComo, Trustee

Dated: _____, 2016

**Patricia S. DiComo**

By Patricia S. DiComo

Dated: _____, 2016

*Signatures, Continued:*
**KJIMS Development Company, LLC**

_____
By: Kawaljit Singh
As Its Manager

Dated: _____, 2016

**Kawaljit Singh**

_____
By: Kawaljit Singh

Dated: _____, 2016

**The Patricia S. DiComo Revocable Trust dated 12/6/10**

*/s/ Patricia S. DiComo*
By Patricia S. DiComo, Trustee

Dated: 7/27, 2016

**Patricia S. DiComo**

*/s/ Patricia S. DiComo*
By Patricia S. DiComo

Dated: 7/27, 2016

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL DICOMO, an individual,

    Plaintiff,

v.

CASE NO. 2:16-cv-00327-UA-CM

KJIMS DEVELOPMENT COMPANY,
INC., and TONY SINGH,

    Defendant.

_____\

## JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

The parties, through their attorneys, hereby stipulate, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, to the dismissal with prejudice of all claims in the above-referenced action with the parties to each bear their own costs and attorneys' fees.

Dated: July 29, 2016

YORMAK EMPLOYMENT &
DISABILITY LAW
9990 Coconut Road
Bonita Springs, FL 34135
(239) 985-9691
(239) 288-2534 (fax)
Attorney for Plaintiff

By: _____
Benjamin H. Yormak
Florida Bar #71272
byormak@yormaklaw.com

SHUMAKER, LOOP & KENDRICK, LLP
P.O. Box 49948
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 fax
Attorneys for Defendants

By: _____
Jason A. Collier
Florida Bar #0733318
jcollier@slk-law.com

SLK_SAR:#377696v1

# EXHIBIT "B"

## AFFIDAVIT OF DANIEL DICOMO

Before me, the undersigned authority, duly authorized to administer oath and take acknowledgments, personally appeared Daniel DiComo, who after being by me first duly cautioned and sworn upon his oath, deposes and says:

1. I am over the age of 18 years, have personal knowledge of the matters set forth herein, and am otherwise competent to make this Affidavit.

2. I am a former employee of KJIMS Development Company, LLC.

3. I acknowledge that I have been more than fully compensated by KJIMS and that this settlement does not constitute a compromise of any disputed claim.

4. I acknowledge that I am not owed any further compensation of any kind from KJIMS.

5. At all times while working for KJIMS, I was paid in excess of the minimum wage for services that I performed.

6. I recognize that I am receiving significant value from KJIMS by entering a global settlement pursuant to the terms set forth in the Settlement Agreement and Mutual Release of All Claims.

7. The statements above are accurate and truthful and I am voluntarily providing this information after having an opportunity to consult with knowledgeable counsel.

FURTHER, Affiant sayeth not.

_____
Daniel DiComo

Sworn to and subscribed before me this 27th day of July, 2016, by Daniel DiComo who is ☐ personally known or ☐ has produced _Florida driver license_ as identification.

_____
Notary Public

ANDREA M. COSTANZO
Commission # FF 935442
Expires December 15, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

# EXHIBIT "C"

## AMERICAN ARBITRATION ASSOCIATION

*In the Matter of the Arbitration Between*

KJIMS DEVELOPMENT COMPANY, LLC,
　Claimant,

vs.

TARPON COURT, LLC,
　Respondent.

Arb. No. 01-16-0001-1946

---

### JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

The parties, through their attorneys, hereby stipulate to the dismissal with prejudice of all claims and counterclaim in the above-referenced arbitration with the parties to each bear their own costs and attorneys' fees. To the extent that filing fees or other payments tendered to the American Arbitration Association ("AAA") in this case are refundable, the parties further stipulate that any refunds shall be in accordance with the rules and procedures of the AAA and the parties expressly waive all claims against each other with respect to any such refunds.

Dated: July 29, 2016

| | |
|---|---|
| SHUMAKER, LOOP & KENDRICK, LLP<br>240 S. Pineapple Ave., 10th Floor<br>Sarasota, FL 34236<br>(941) 366-6660<br>(941) 366-3999 facsimile<br>Attorneys for Claimant, KJIMS Development Company, LLC<br><br>By_____<br>　　Meghan O. Serrano<br>　　Florida Bar No. 53124<br>　　mserrano@slk-law.com | VERNON LITIGATION GROUP<br>999 Vanderbilt Beach Rd Ste 200<br>Naples, FL 34108-3512<br>(239) 649-5390<br>(239) 325-1892 (facsimile)<br>Attorneys for Respondent and Counterclaimant, Tarpon Court, LLC<br><br>By_____<br>　　Christopher Vernon<br>　　Florida Bar No. 748110<br>　　cvernon@vernonlitigation.com |

# EXHIBIT "D"

# COVER LETTER

**TO:** Registration Section
Division of Corporations

**SUBJECT:** KJIMS Homes Holdings, LLC
_____
(Name of Limited Liability Company)

The enclosed member, resignation or dissociation and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to:

Daniel DiComo
_____
(Contact Person)

KJIMS Homes Holdings, LLC
_____
(Firm/Company)

1770 San Marco Road, Suite 205A
_____
(Address)

Marco Island, FL 34145
_____
(City/State and Zip Code)

For further information concerning this matter, please call:

Daniel DiComo at ( 239 ) 438-0633
_____
(Name of Contact Person)   (Area Code & Daytime Telephone Number)

Enclosed please find a check made payable to the Florida Department of State for:
■ $25 Filing Fee                ☐ $55 Filing Fee & Certified Copy

**STREET/COURIER ADDRESS:**
Registration Section
Division of Corporations
Clifton Building
2661 Executive Center Circle
Tallahassee, Florida 32301

**MAILING ADDRESS:**
Registration Section
Division of Corporations
P.O. Box 6327
Tallahassee, Florida 32314

CR2E079 (2/14)



FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

# DISSOCIATION OR RESIGNATION OF MEMBER, MANAGER FROM FLORIDA OR FOREIGN LIMITED LIABILITY COMPANY
(Pursuant to 605.0216, Florida Statutes)

1. The name of the limited liability company as it appears on the records of the Florida Department of State is: KJIMS Homes Holdings, LLC

2. The Florida document/registration number assigned to this limited liability company is: L14000024374

3. The date this member/manager withdrew/resigned or will withdraw/resign is: July 22, 2016

4. I, Kawaljit Singh
   *(Print Name of Person Resigning)*, hereby withdraw/resign as a

   Manager
   *(Print Title)*

of this limited liability company and affirm the limited liability company has been notified of my resignation in writing.

_____
Signature of Dissociating Member or Resigning Manager

Filing Fee:      $25.00 (Required)
Certified Copy:  $30.00 (Optional)

CR2E079 (2/14)