UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL DICOMO, an individual

      Plaintiff,

v.                                                       Case No:   2:16-cv-327-FtM-99CM

KJIMS DEVELOPMENT
COMPANY, INC. and TONY
SINGH,

      Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion for Approval of Settlement Agreement (Doc. 18) filed on August 4, 2016. The parties provided a copy of the Settlement Agreement and Release of Claims for the Court's review. Doc. 18-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and three other related claims. Doc. 18 at 2.

On May 2, 2016, Plaintiff filed a Complaint against Defendants KJIMS Development Company, LLC ("KJIMS") and Tony Singh ("Singh") alleging (1) violation of the Fair Labor Standards Act ("FLSA") for unpaid minimum wages, (2)

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

breach of contract, (3) promissory estoppel, and (4) unjust enrichment. Doc. 1 at 1. Plaintiff states that on or about July 29, 2013, he began to work for KJIMS as an executive officer or Vice President of Project Development. *Id.* ¶ 7; Doc. 18 at 1. Singh is KJIMS's owner and was Plaintiff's supervisor. Doc. 1 ¶ 7. Plaintiff argues that Defendants willfully did not pay minimum wages to Plaintiff for all hours worked by Plaintiff. *Id.* ¶¶ 15, 25. The Court exercises subject matter jurisdiction over this case based on Plaintiff's FLSA claim. *Id.* ¶ 4.

On August 3, 2016, the parties filed the Joint Stipulation for Dismissal with Prejudice with the parties to bear their own attorney's fees and costs. Doc. 16. The Court directed the parties to submit settlement documents because this case involves a FLSA claim. Doc. 17; see *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). On August 4, 2016, the parties filed the present motion with Plaintiff's affidavit that made three notable statements: (1) KJIMS has more than fully compensated Plaintiff, (2) this settlement does not constitute a compromise of any disputed claim, and (3) "[a]t all times while working for KJIMS, [Plaintiff] was paid in excess of the minimum wage for services [he] performed." Doc. 18-1 at 11.

To approve a settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store*, 679 F.2d at 1355. The settlement should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, *that are actually in dispute.*" *Id.* (emphasis added). "Accordingly, the district court evaluating [a] FLSA compromise should examine first the 'internal'

fairness of the compromise, including the existence of a bona fide dispute." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. Aug. 6, 2010).

Here, Plaintiff's affidavit shows that there is no bona fide dispute over a FLSA claim. Doc. 18-1 at 11. Plaintiff brought this lawsuit alleging that Defendants did not pay him the statutory minimum wage in violation of the FLSA. Doc. 1 ¶¶ 24-31. Plaintiff's sworn affidavit, however, states that Plaintiff was paid in excess of the minimum wage for his service at all times while working for KJIMS. Doc. 18-1 at 11. The affidavit shows that Plaintiff does not have a bona fide FLSA claim for the parties to have a dispute over. *Shields v. Broadster Commc'ns, LLC*, No. 6:13-cv-1764-Orl-40GJK, 2015 WL 1506780, at *2 (M.D. Fla. Apr. 1, 2015) (holding that the plaintiff does not have a bona fide FLSA claim because he stipulated that he was exempt from the FLSA and was not entitled to overtime compensation). Thus, there is no compromise over a FLSA claim that the Court can scrutinize or supervise. *Id.*

Furthermore, absent Plaintiff's FLSA claim, the case is devoid of a controversy over which the Court may exercise subject matter jurisdiction because the remaining three counts are state law claims for breach of contract, promissory estoppel, and unjust enrichment. *Id.*; *Farrington v. Thorne Research, Inc.*, No. 6:15-cv-1630-Orl-40TBS, 2015 WL 9598822, at *3 (M.D. Fla. Dec. 7, 2015), *adopted*, 2016 WL 48111 (M.D. Fla. Jan. 5, 2016); Doc. 1.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Joint Motion for Approval of Settlement Agreement (Doc. 18) be **DENIED**.

2. The Court enter an order dismissing the case with prejudice for lack of subject matter jurisdiction and direct the Clerk to close the case.

**DONE** and **ENTERED** in Fort Myers, Florida on this 24th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record