UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL DICOMO, an individual,

    Plaintiff,

v.                              Case No: 2:16-cv-327-FtM-99CM

KJIMS DEVELOPMENT COMPANY, INC., a Florida corporation and TONY SINGH, an individual,

    Defendants.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #19), filed October 24, 2016, recommending that the Joint Motion for Approval of Settlement Agreement (Doc. #18) be denied and the case dismissed for lack subject-matter jurisdiction. No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9

(11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

The Magistrate Judge found that subject matter jurisdiction over the case was premised on the federal question presented by plaintiff's FLSA claim.  The Magistrate Judge determined that since plaintiff's Affidavit reflects that there is no bona fide dispute over the FLSA claim, there is no settlement to scrutinize and the case was devoid of a controversy over which the Court could exercise subject matter jurisdiction in the first place.  (See Doc. #19.)

In the motion, the parties state that the resolution of this case did not involve any payment to plaintiff, and did not involve payment of any attorney's fees or costs to plaintiff's counsel. (Doc. #18, ¶ 7.)  In fact, the settlement did not compromise the FLSA claim, but rather sought to resolve an unrelated matter subject to arbitration.  (Id., p. 4.)  Attached as Exhibit B to the parties' Settlement Agreement and Mutual Release of All Claims (Doc. #18-1) is the Affidavit of Daniel Dicomo stating that he has been "more than fully compensated by KJIMS and that this settlement

does not constitute a compromise of any disputed claim." The Affidavit further provides that plaintiff was paid in excess of the minimum wage for services performed, and that he is "receiving significant value" from KJIMS by entering a global settlement with regard to an unrelated matter whereby payment will be made by *plaintiff* on behalf of Tarpon Court to KJIMS. (Id.) The parties do not clearly state that there was *never* a viable FLSA claim, or that that plaintiff was actually exempt from its provisions. However, since there was no compromise in this case, the Court finds no review of the settlement is required under Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). In fact, the Court finds that the parties may dismiss the case in its entirety pursuant to the Joint Stipulation for Dismissal With Prejudice (Doc. #16) without further action from the Court as it is unconditional and self-executing. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court rejects the Report and Recommendation of the magistrate judge to the extent that it found a lack of subject matter jurisdiction. The fact that the FLSA claim turned out to be nonmeritorious is not relevant to whether the Court had jurisdiction over the case itself in the first instance. The Court does find that a dismissal

with prejudice is appropriate, and that portion of the recommendation will be adopted.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #19) is hereby **rejected** as to the basis for dismissal but **adopted** as to the recommendation to dismiss with prejudice.

2. The parties' Joint Motion for Approval of Settlement Agreement (Doc. #18) is **DENIED**.

3. The Clerk shall enter judgment **dismissing** the case with prejudice with each party to bear their own attorneys' fees and costs, terminate all deadlines and motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
United States Magistrate Judge

Counsel of Record
Unrepresented parties